IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Ruth Cate, Esquire as Guardian ad Litem for Mykel Mills, a Minor,<br><br>Plaintiff,<br><br>vs.<br><br>Norfolk Southern Railway Company and the Estate of Johnny L. Jeter,<br><br>Defendants. | C.A. No. 7:05-1312-HMH<br><br>**OPINION AND ORDER** |

This matter is before the court on Norfolk Southern Railway Company ("Norfolk Southern") and the Estate of Johnny L. Jeter's ("Jeter") (collectively "Defendants") motion to dismiss. The Defendants argue that the instant action is barred because of a settlement agreement incorporated into an order adopted in a case brought in the Superior Court of Mecklenburg County, North Carolina, 96 CVS 14051 ("North Carolina Action"). In that case, both Raysheka Mills and Mykel Mills, as minors, brought suit against their mother, Lisa Mills, alleging that her negligence contributed to their injuries in an automobile accident. (Pls.' Mem. Opp'n Defs.' Dismiss 1-2.) Two separate settlement orders were entered in the North Carolina Action, one for Raysheka Mills and one for Mykel Mills. The settlement orders contained essentially the same language, but the settlement amounts differed. Both orders stated that the respective plaintiff accepted the sum ordered "in full settlement, satisfaction and discharge of any and all liability of the defendant" and "of any other persons, firms or corporations who might be liable or who might be claimed to be liable to the plaintiff on account of the matters and things alleged in the Complaint or arising out of the accident

1

that is the subject of the plaintiff's claim for relief . . . ."  (Pls.' Mem. Opp'n Defs.' Dismiss Ex. A (Mykel Mills Settlement Order 2) & Ex. C (Raysheka Mills Settlement Order 2).)

On October 22, 2002, Raysheka Mills, who was no longer a minor, brought suit against the Defendants in the Court of Common Pleas for Spartanburg County, South Carolina ("South Carolina Action").  In that action, the Defendants filed a motion to dismiss, arguing that the settlement order concerning Raysheka Mills in the North Carolina Action prevented her from proceeding in the South Carolina Action.  The court disagreed, denying the Defendants' motion in an order on February 17, 2004.  Mills v. Norfolk Southern Ry. Co., No. 02-CP-42-3846 (S.C. Ct. Common Pleas Feb. 17, 2004) (unpublished).  The parties ultimately settled the South Carolina Action.  (Pls.' Mem. Opp'n Defs.' Dismiss 4.)

On March 14, 2005, Ruth Cate, as guardian ad litem for Mykel Mills, brought this suit in the Court of Common Pleas for Spartanburg County, South Carolina, against the Defendants.  After Norfolk Southern removed the case on May 5, 2005, the Defendants filed the instant motion to dismiss on January 4, 2006.  The Defendants argue that the settlement order applying to Mykel Mills in the North Carolina Action bars him from proceeding in the instant action.  The Defendants' arguments are essentially the same arguments raised in the South Carolina Action against Raysheka Mills.

Mykel Mills opposes the motion, arguing that the record shows that, despite the boilerplate language quoted above, the North Carolina Action does not apply to bar his suit against Norfolk Southern or Jeter.  Moreover, Mykel Mills argues that the doctrine of collateral estoppel prevents the Defendants from relitigating the instant issue, as the issue was decided in the South Carolina Action.

Upon careful review, the court denies the Defendants' motion to dismiss. First, the record is clear that the parties in the North Carolina Action did not intend that the release of the claims by Mykel Mills would bar suit in a later action against Norfolk Southern and Jeter, and the settlement order does not bar the instant suit. Second, the Defendants are collaterally estopped from relitigating the issue raised in their motion to dismiss a second time. See Roberts v. Recovery Bureau, Inc., 450 S.E.2d 616, 619-20 (S.C. Ct. App. 1994).

It is therefore

**ORDERED** that the Defendants' motion to dismiss, document number 26, is denied.

**IT IS SO ORDERED.**

                                        s Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
February 15, 2006